**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
PLAINTIFF FUNDING HOLDING LLC d/b/a      :
LAWCASH,                                   __ Civ. ____

                                       :
                Plaintiff,     :
                                     :     **COMPLAINT**
        against
                                     :
ROBERT JOSEPH HOPKINS, LAWCASH     :
911, LAWSUIT CASH TODAY, and            JURY TRIAL DEMANDED
FUNDING AMERICA, LLC,

                                     :
                Defendants.   :

-----------------------------------------------------------------X

       Plaintiff Funding Holding LLC d/b/a LawCash ("LawCash"), by and through its

attorneys, for its Complaint against defendant(s) Robert Joseph Hopkins; LAWCASH 911;

Lawsuit Cash Today; and Funding America, LLC (collectively "Defendants"), alleges, on

knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

       1.     This is an action for infringement of Plaintiff LawCash's federally-registered

trademarks LAWCASH and LAWCASH.COM (collectively, the "LAWCASH Marks") under

Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false

designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for

substantial and related claims of palming off, tortious misappropriation, unjust enrichment;

deceptive business practices; and unfair competition under the statutory and common laws of the

State of New York.

2.      LawCash is a nationally-recognized company that provides litigation funding to individual plaintiffs pursuing legal claims who are in need of cash during the pendency of those claims. LawCash's claims against Defendants in this action arise from Defendants' unauthorized use of the marks "LawCash911," "Lawsuit Cash 911," "@lawcash 911," "Lawsuit Cash Advance," and "Lawsuit Cash Advance Funding" in connection with the marketing, advertising, promotion, and offering for sale of litigation funding services in competition with LawCash.

3.      Plaintiff seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1338 and 15 U.S.C. § 1121.

5.      Venue is proper in this district under any one or more of the following sections: 28 U.S.C. § 1391(b)(2), (b)(3), (c)(1),(c)(2) and (d), in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

6.      Plaintiff is a corporation that is incorporated in the State of Delaware and has a place of business in Brooklyn, New York.

7.      Upon information and belief:

    a.  Defendant Robert Hopkins ("Hopkins") is an individual who resides or has a principal place of business at 2900 Westchester Avenue, Purchase, New York 10577;

    b.  Defendant LAWCASH 911 is a dba of Hopkins that has a place of business in Florida;

    c.  Defendant Lawsuit Cash Today is a dba of Hopkins that has a place of business in Florida; and

d.   Defendant Funding America, LLC is a Delaware limited liability company that has its principal place of business at 2900 Westchester Avenue, Purchase, New York 10577, and has Hopkins as its CEO (Collectively "Defendants").

## FACTS

**Plaintiff LawCash and its Federally Registered "LAWCASH" and "LAWCASH.COM" Marks**

8.      Plaintiff is a nationally-recognized industry leader in litigation funding.  It provides individuals and other entities who have legal claims with money to address their personal financial obligations -- including basic necessities of life such as food, clothing, rent, and medical care -- before their legal claims are resolved.

9.      LawCash does business in interstate commerce and does a substantial amount of its business in the State of New York including in the County of Westchester.

10.      LawCash owns a federal registration for its service mark under United States Service Mark Registration No. 4579404 on the Principal Register in the United States Patent and Trademark Office for the service mark LAWCASH (hereinafter "LAWCASH Mark**"**) for "Financial services for lawsuit plaintiffs in the litigation field, namely, litigation financing for lawsuit plaintiffs, plaintiff funding, lawsuit settlement funding for plaintiffs, and pre-settlement lawsuit funding for lawsuit plaintiffs." Attached as **Exhibit 1** is a true and correct copy of the registration certificate for Plaintiff's United States Service Marks Registration Nos. 4579404, that was issued by the United States Patent and Trademark Office on August 5, 2014.

11.      Plaintiff also owns a federal registration for its service mark to its website name or domain name address under United States Service Mark Registration No. 2721861 on the Principal Register in the United States Patent and Trademark Office for the service mark

LAWCASH.COM (hereinafter "LAWCASH.COM Mark**"**). Attached as **Exhibit 2** is a true and correct copy of the registration certificate for Plaintiff's United States Service Mark Registration No. 2721861, that was issued by the United States Patent and Trademark Office on June 3, 2003.

12.     Both the LAWCASH Mark and the LAWCASH.COM Mark (collectively "LAWCASH Marks") have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

13.     LawCash has used the LAWCASH Marks throughout the United States continuously for many years in connection with non-recourse litigation-related funding. LawCash has been continuously using its LAWCASH service mark since 2000, as well as the domains *www.lawcash.net*, *www.lawcash.com*, *www.800lawcash.com*, and *1800lawcash.com*, the phone number 800.LAWCASH, and the service marks LAWCASH, 800LAWCASH and 1800LAWCASH.  The LAWCASH Marks  are strong readily recognized marks, as LawCash is one of the most well-known brands in the litigation funding business. Attached hereto as **Exhibit 3** are copies of representative samples showing Plaintiff's use of the LAWCASH Marks in connection with these services.

14.     LawCash also uses the domains *www.lawcash.net*, *www.lawcash.com*, *www.800lawcash.com*, and *1800lawcash.com*, and the phone number 800.LAWCASH, for its business.

15.     As a result of its widespread, continuous and exclusive use of the LAWCASH Marks and the related domain names and phone number to identify its non-recourse litigation-related funding services and LawCash as their source, Plaintiff LawCash owns valid and subsisting federal statutory and common law rights to its LAWCASH Marks.

16.     Plaintiff's LAWCASH Marks and related domain names and phone number are distinctive and have acquired recognition to both the consuming public and LawCash's trade.

17.     Plaintiff has expended substantial time, money and resources marketing, advertising and promoting the services provided under the LAWCASH Marks.

**Defendant's Infringement of Plaintiff LawCash's Marks**

18.     Defendants market, advertise, promote, and offer for sale litigation funding services in competition with LawCash.

19.     Without LawCash's authorization, Defendants have adopted and used the mark LAW CASH 911 (hereinafter, the "Infringing Mark") to market, advertise, promote and offer for sale litigation funding services throughout the United States similar to those offered by Plaintiff.

20.     Defendants have also used related business names, domain names, and Twitter accounts LAWCASH911, LawCash911, www.lawcash911.com, https://twitter.com/LawCash911, and http://lawcash911.blogspot.com; @lawcash911, lawcash911.com/blog, @lawcash 911, "LawSuit Cash 911," "Lawsuit Cash," "Lawsuit Cash Advance," "Lawsuit Cash Advance Funding," and "Law Cash" for lawsuit and litigation funding services and/or services related to lawsuit and litigation funding. Attached as **Exhibit 4** are true and correct copies of representative advertising and sales materials of Defendants showing their use of the Infringing Mark.

21.     Defendants' adoption of the Infringing Mark occurred after Plaintiff acquired protectable exclusive rights in its LAWCASH Marks.

22.     The consumers to whom Defendants market, advertise, promote and offer for sale litigation funding services are the same or have significant and material overlap with the consumers to whom LawCash offers its litigation funding services.

23.     The Infringing Mark adopted and used by Defendants, and the related business names, domain names, and Twitter accounts, are confusingly similar to Plaintiff's LAWCASH Marks.

24.     Defendants have intentionally used LawCash911.com, lawcash911.com/blog, and @lawcash 911 confusingly and/or deceitfully to misappropriate Plaintiff's goodwill in its LAWCASH Marks in order to funnel customer traffic for those services to their websites (which refers to "LawSuit Cash 911," "Lawsuit Cash," "Lawsuit Cash Advance," and "Lawsuit Cash Advance Funding") and to their Twitter Accounts (which refers to "LawCash").

25.     Defendants have profited from this confusion and deceit because customers believe that they are purchasing services offered by LawCash when they purchase services from Defendants and/or believe that Defendants are related to or associated with Plaintiff LawCash.

26.     Defendants have also applied for a federal service mark registration to register the service mark "LAW CASH 911" for "Financial services, namely, lawsuit funding."("Defendants' Application").

27.     Defendants' Application was rejected because "LAW CASH 911" was determined by the USPTO Examining Attorney to be confusingly similar to LawCash's LAWCASH marks.  A true and correct copy of the USPTO Official Action mailed to Hopkins on November 29, 2016 is attached as **Exhibit 5.**

28.     Plaintiff has recently learned that Defendants are using "LawCash911" LawCash911.com, lawcash911.com/blog, @lawcash 911, "LawSuit Cash 911," "Lawsuit Cash,"

"Lawsuit Cash Advance," "Lawsuit Cash Advance Funding," and "Law Cash".   Such use by Defendants, resulting in deliberate and actual deceit and confusion, has caused and is continuing to cause LawCash damage to its goodwill, lost sales and profits.

29.     On April 24, 2020, Plaintiff sent a cease and desist letter to Defendants objecting to Defendants' use of the Infringing Mark. Defendants did not respond to the Cease and Desist letter.  A true and correct copy of Plaintiff's April 24, 2020 letter is attached as **Exhibit 6.**

**FIRST CLAIM FOR RELIEF**
**(Federal Service Mark Infringement)**

30.     Plaintiff LawCash repeats and realleges paragraphs 1 through 29 hereof, as if fully set forth herein.

31.     Defendants' unauthorized use in commerce of the Infringing Mark as described herein is likely to cause confusion, mistake or deception and constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

32.     Defendants have committed the foregoing acts of infringement with full knowledge of LawCash's prior rights in the LAWCASH Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

33.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

34.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition and False Designation of Origin)

35.     Plaintiff LawCash repeats and realleges paragraphs 1 through 34 hereof, as if fully set forth herein.

36.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

37.     Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff.

38.     Defendants' conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of the Defendants' services.

39.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

41.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
### (Palming Off)

42.     Plaintiff LawCash repeats and realleges paragraphs 1 through 41 hereof, as if fully set forth herein.

43.     Plaintiff LawCash established a protectable and distinctive mark, name and goodwill prior to the Defendants adopting the mark LAW CASH 911.

44.     There is a likelihood of consumer confusion between the litigation funding services of Plaintiff LawCash and Defendants.

45.     Plaintiff's LAWCASH mark is strong in the marketplace, is extremely similar to Defendants' LAW CASH 911 mark, and the parties market similar services in similar channels of trade to similar consumers

46.     Defendants have shown bad faith in connection with the confusion of the marks and services.

47.     Defendants' services are substandard while Plaintiff LawCash's services are of superior quality.

48.     Upon information and belief, consumers are misled into contacting Defendants, and are unaware that they are not contacting Plaintiff LawCash.

49.     As a result of the foregoing "palming off" of Plaintiff's LAWCASH Mark, name, goodwill and services by Defendants, Plaintiff has been damaged in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Tortious Misappropriation)

50.     Plaintiff LawCash repeats and realleges paragraphs 1 through 49 hereof, as if fully set forth herein.

51.     Defendants' conduct has been and continues to be undertaken in bad faith.

52.     Defendants have misappropriated the goodwill, reputation, labors and efforts of Plaintiff.

53.     As a result of the foregoing, said tortious misappropriation by Defendants, Plaintiff LawCash has been damaged in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)

54.     Plaintiff LawCash repeats and realleges paragraphs 1 through 53 hereof, as if fully set forth herein.

55.     Defendants have been enriched by using to Infringing Mark and related names by confusingly misdirecting to Defendants substantial amounts of litigation funding customer traffic intended for Plaintiff LawCash.

56.     Defendants' revenues and profits using the Infringing Mark and related names, and misdirecting to Defendants those customers who intend to use Plaintiff LawCash, have been at LawCash's expense.

57.     Equity and good conscience do not permit Defendants to retain the revenues at profits that Defendants have received at LawCash's expense.

58.     Plaintiff LAWCASH is entitled to damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
## (N.Y. BUSINESS LAW SECTION 349 –
## DECEPTIVE BUSINESS PRACTICES)

59.     Plaintiff repeats and realleges paragraphs 1 through 58 hereof, as if fully set forth herein.

60.     Defendant has conducted its trade, business and commerce in the State of New York in a materially deceptive manner.

61.     As a result of such deceptive practices, reasonable consumers were materially misled, resulting in damage to Plaintiff's business.

62.     Defendant's deceptive conduct caused harm to the public at large, affecting the public interest.

63.     Pursuant to New York General Business Law Section 349, and as a result of the foregoing, Defendant has damaged Plaintiff LAWCASH in a sum yet undetermined.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1.     That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.     That Defendant has palmed off of Plaintiff's LAWCASH Mark, name, goodwill and services, in violation of New York State law;

3.     That Defendant has tortiously misappropriated the goodwill, reputation, labors and efforts of Plaintiff in violation of New York State law.

4.     That Defendant was unjustly enriched at the expense of the Plaintiff in violation of New York state law;

5.     That Defendant has violated New York General Business Law Section 349;

6.     Permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from:

     a.  marketing, advertising, promoting, selling, offering for sale (or authorizing any third party to engage in that conduct on their behalf) litigation funding services bearing the mark LAW CASH 911or any other mark that is a counterfeit, copy, simulation, confusingly similar variation or colorable imitation of Plaintiff's LAWCASH marks;

     b.  engaging in any activity that infringes Plaintiff's rights in its LAWCASH marks;

     c.  engaging in any activity constituting unfair competition with Plaintiff;

     d.  making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) Defendants' services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or (ii) Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendants;

     e.  using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade

dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f.   registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the mark LAWCASH, or any mark, domain name, or other source identifier containing the words LAW and CASH or any other mark that infringes or is likely to be confused with Plaintiff's LAWCASH mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

g.   aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

7.     Directing Defendants to immediately file with the United States Patent and Trademark Office to affirmatively and with prejudice abandon its application to register any mark LAW CASH 911 and/or any other pending application(s) to register any of Defendants' complained-of or similar marks that are confusingly similar to Plaintiff's LAWCASH Marks.

8.     Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

9.     Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials that

feature or bear any designation or mark incorporating the mark LAW CASH 911 or any other

mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation

of Plaintiff's LAWCASH mark, and to direct all distributors, retailers, wholesalers and other

individuals and establishments wherever located in the United States that distribute, advertise,

promote, sell or offer for sale Defendants' goods or services to cease forthwith the display,

distribution, marketing, advertising, promotion, sale and/or offering for sale of any and all goods,

services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays

and other materials featuring or bearing the mark LAW CASH 911or any other mark that is a

counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the

Plaintiff's LAWCASH mark, and to immediately remove them from public access and view.

10.    Directing that Defendants recall and deliver up for destruction all goods,

packaging, advertisements, promotions, signs, displays and related materials incorporating or

bearing the mark LAW CASH 911 or any other mark that is a counterfeit, copy, confusingly

similar variation or colorable imitation of Plaintiff's LAWCASH mark.

11.    Directing Defendants to formally abandon with prejudice any and all of its

applications to register the mark LAW CASH 911 or any mark consisting of, incorporating or

containing Plaintiff's LAWCASH mark or any counterfeit, copy, confusingly similar variation or

colorable imitation thereof on any state or federal trademark registry.

12.    Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)),

Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after

service on Defendants of an injunction in this action, or such extended period as the Court may

direct, a report in writing under oath, setting forth in detail the manner and form in which

Defendants have complied therewith.

13.     Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

14.     Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

15.     Awarding Plaintiff any and all other compensatory damages.

16.     Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

17.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

18.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

19.     Awarding such other and further relief as the Court deems just and proper.

Dated: August 24, 2020

Respectfully submitted,

Lackenbach Siegel LLP

/s/Myron Greenspan/
Myron Greenspan
1 Chase Road
Scarsdale, NY 10583
Phone: (914) 723-4300
Fax: (914) 723-4301
Email: MGreenspan@lsllp.com
*Attorneys for* Plaintiff