UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/20/21

------------------------------------------------X
PLAINTIFF FUNDING HOLDING,
LLC d/b/a LAWCASH,

:
:
:
Plaintiff,         :
:
v.                 :
:
ROBERT JOSEPH HOPKINS,      :
LAWCASH 911, LAWSUIT CASH   :
TODAY, and FUNDING AMERICA, :
LLC                :
:
Defendant.         :
------------------------------------------------X

Civil Action No. 7:20-cv-06804-VB

~~[PROPOSED]~~ CONSENT JUDGMENT
AND PERMANENT INJUNCTION

WHEREAS, Plaintiff, Plaintiff Funding Holding, LLC d/b/a LawCash ("LawCash" or "Plaintiff") filed its complaint on August 25, 2020 ("Complaint"), alleging that Robert Joseph Hopkins ("Hopkins"), Lawcash 911 ("911"), Lawsuit Cash Today ("LCT") and Funding America, LLC ("FALLC") (collectively referred to as "Defendants;" each a "Defendant"), through their adoption and use of the service mark LAW CASH 911, alone or together with one or more of the associated marks and/or designations "Lawcash911," "www.lawcash911.com," "twitter.com/LawCash911," "lawcash911.blogspot.com," "@lawcash911," "lawcash911.com/blog," "LawSuit Cash 911," "Lawsuit Cash," "Lawsuit Cash Advance," "Lawsuit Advance Funding, and/or "Law Cash," have infringed and are infringing LawCash's registered "LAWCASH" and "LAWCASH.COM" service marks, in violation of the Lanham Act, 15 U.S.C. §§1051 et seq., and the statutes and common law of the State of New York;

WHEREAS, the parties have agreed to resolve Plaintiff's claims without the need for litigation;

WHEREAS, Defendants have agreed and consent to entry of this Consent Judgment without trial or adjudication of any issue of fact or law and to waive any appeal of the Consent Judgment if entered as submitted by the parties;

WHEREAS, the intention of Plaintiff in effecting this settlement is to remediate harms allegedly resulting from the alleged infringing conduct of the Defendants and to protect the consuming public from confusion resulting from such conduct; and

WHEREAS, Defendants acknowledge service of the Complaint against them, and acknowledge, and have agreed to waive any challenges to such service, this Court's subject matter jurisdiction, and/or this Court's personal jurisdiction over them;

NOW, THEREFORE, without trial or adjudication of issues of fact or law, and upon the consent of the Defendants, and each Defendant, the Court finds that there is good and sufficient cause to enter this Consent Judgement, and that it is therefore

**ORDERED, ADJUDGED AND DECREED:**

**I.    FINDINGS OF FACTS AND LAW**

**A.    THE PARTIES**

1. LawCash is a limited liability company duly organized under the laws of the State of Delaware having its principal place of business in Brooklyn, New York.

2. Defendant Hopkins is an individual with residence and/or business addresses in Purchase, New York and/or Hollywood, Florida.

3. Defendants 911 and LCT are each a d/b/a of Defendant Hopkins.

4. Defendant FALLC is a limited liability company duly organized under the laws of the State of Delaware having its principal place of business in Purchase, New York.

5. Each of the Defendants has consented to the Court's exercise of personal jurisdiction in this case.

**B.   JURISDICTION AND VENUE**

6. The Court has federal question jurisdiction in this matter under the Lanham Act, 15 U.S.C. §1121 and under 28 U.S.C. §1338(a). The Court has pendent jurisdiction over Plaintiff's claims arising under the laws of the State of New York, which claims flow from a nucleus of operative facts common to all of Plaintiff's claims in the complaint. Venue is appropriate in this District pursuant to 28 U.S.C. §1391(b) and (c).

**C.   PLAINTIFF'S SERVICE MARKS AND DEFENDANTS' ACTIONS**

7. Plaintiff is the owner of the service marks LAWCASH and LAWCASH.COM (collectively, the "LawCash Marks"), which LawCash Marks Plaintiff uses in connection with the development, advertising, marketing, and sale of its litigation funding services (the "LawCash Services").

8. Plaintiff is the owner of U.S. Trademark Registration No. 4,579,404 for the service mark LAWCASH in connection with "Financial services for lawsuit plaintiffs in the litigation field, namely, litigation financing for lawsuit plaintiffs, plaintiff funding, lawsuit settlement funding for plaintiffs, and pre-settlement lawsuit funding for lawsuit plaintiffs" in International Class 36, and is the owner of U.S. Trademark Registration No. 2,721,861 for the service mark LAWCASH.COM in connection with "Legal services; information services, namely providing an on-line computer database in the field of legal information, namely information concerning class, or other multi-plaintiff, legal actions; information services, namely providing legal information on one or more legal proceedings involving class, or other multi-

plaintiff, actions via a global computer network, in International Class 42 in International Class 3 (collectively, the "LawCash Registrations").

9. The LawCash Registrations are valid and subsisting and have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

10. Without Plaintiff's authorization, Defendants commenced to use the designations LAW CASH 911, Lawcash911, Lawsuit Cash, Lawsuit Cash Advance, Lawsuit Advance Funding,**Error! Hyperlink reference not valid.** twitter.com/LawCash911, lawcash911.blogspot.com, @lawcash911, lawcash911.com/blog, and/or LawSuit Cash 911 (the "Defendants' Marks") in interstate commerce in connection with litigation funding services.

11. Plaintiff's use of its LawCash Marks predates Defendants' use of the Defendants' Marks, and the Defendants' Marks are confusingly similar to Plaintiff's LawCash Marks.

12. Plaintiff and Defendants are engaged in the business of providing similar services and products to the same classes of customers, through the same or similar channels of trade.

13. By reason of, and in order to remedy Defendants' actions as found herein above, the Court finds that Plaintiff is entitled to, and shall have the permanent injunctive relief set forth below.

## II. PERMANENT INJUNCTION AND AFFIRMATIVE OBLIGATIONS

14. The Defendants, whether individually and/or collectively, and each of their agents, officers, directors, members, servants, employees, affiliates, successors and assigns (all collectively, "Defendants"), and all others in active concert or participation with the Defendants or any Defendant or Defendants are hereby permanently enjoined from directly or indirectly:

    a. Using either LawCash Mark, any designation that is confusingly similar to either LawCash Mark in sight, sound, or connotation, or any Defendants' Mark as a trademark,

service mark, tradename, domain name, ad word, meta data, embedded script, or otherwise in connection with the marketing, advertising, offer for sale or sale of any legal services, including without limitation lawsuit funding services, without the express written authorization of Plaintiff;

      b.     Using any form of the designation "lawcash," including without limitation "law cash," or "the law cash," whether in connection with any prefix or suffix such as "911" or otherwise, as a trademark, service mark, tradename, domain name, ad word, meta data, embedded script, or otherwise in connection with the marketing, advertising, offer for sale or sale of any legal services, including without limitation lawsuit funding services, without the express written authorization of Plaintiff;

      c.     Using any composite designation consisting of the word "law" and the word "cash" that appears or is used:

    (i)    without an intervening word between law and cash consisting of a minimum of four (4) or more English letters (characters such as &, *, %, or $ not being sufficient), and

    (ii)    without each such word appearing in the same font, size, color, and stylization,

as a trademark, service mark, tradename, domain name, ad word, meta data, embedded script, or otherwise in connection with the marketing, advertising, offer for sale or sale of any legal services, including without limitation lawsuit funding services, without the express written authorization of Plaintiff;

  d. Using any composite designation consisting of the first word "lawsuit" and the second word "cash" that appears or is used:

    (i) without a third word consisting of a minimum of three (3) English letters (characters such as &, *, %, or $ not being sufficient), such as "today" which is expressly permitted, that always appears directly after the second word "cash" and without any intervening symbols, characters, icons, or designs between such third word and the second word "cash," and

    (ii) without each such word appearing in the same font, size, color, and stylization,

as a trademark, service mark, tradename, domain name, ad word, meta data, embedded script, or otherwise in connection with the marketing, advertising, offer for sale or sale of any legal services, including without limitation lawsuit funding services, without the express written authorization of Plaintiff;

  e. Designations and uses thereof prohibited and enjoined in subparagraphs (a) through (d) herein above may be referred to herein as "Prohibited Terms."

  f. Using any Prohibited Term in any advertisement of any type, including search advertising, display advertising, retargeting, or any other form of digital advertising that appears to any user of any computer or other device as the result of such user's use of a Prohibited Term as a search term on any search engine;

  g. Representing by words or conduct that any Defendant's services, or any other goods or services marketed, advertised, offered or sold by Defendant Hopkins, or any entity controlled by Defendant Hopkins or with which Defendant Hopkins is in any way

6

associated, are authorized, sponsored, endorsed by, or otherwise related to or connected with the Plaintiff;

      h.    Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done, amounts to trademark infringement, false designation of origin, false description, or false representation of Plaintiff's services;

      i.    Taking any action which is likely to put others in a position to sell or palm off the Defendants' services as the services of Plaintiff, or to unfairly compete with Plaintiff; and

      j.    Otherwise unfairly competing with Plaintiff or infringing Plaintiff's rights.

15.    Defendants, and all others in active concert or participation with the Defendants or any Defendant or Defendants, in order to comply with this injunction, must additionally complete the following affirmative obligations within no more than ten (10) business days from the Effective Date of this Consent Judgment and Permanent Injunction:

      a.    Delete or rename Defendants' "Google My Business" accounts to permanently remove any and all use or mention of any Prohibited Term;

      b.    Delete or rename any other third-party website or social media profiles or websites or pages (e.g., Facebook, Twitter, Instagram, Yelp, Youtube, etc…) which use any of the Prohibited Terms;

      c.    Remove any and all Prohibited Terms from any social media or third-party websites that Defendants, or any Defendant or Defendants collectively or individually, control that contain or otherwise utilize active links to any website owned, operated, or controlled by any Defendant or Defendants;

      d.    Remove any and all Prohibited Terms, both visible to users and non-visible, on all websites controlled by any Defendant or Defendants, including without limitation,

meta descriptions, front-end and back-end frameworks, databases, iframes, and embedded JavaScript;

  e. Cease all use of the domain names lawcash911.com and www.lawcash911.com ("Domains"), including any 301 re-direction or any other DNS re-direction to any other domains owned or controlled by any Defendant or Defendants now or in the future, and including any other method of forwarding visitors who visit these Domains as a workaround to this obligation including (i) use of any A Name, CNAME, TXT or MX records under either Domain, and/or (ii) use of email blasts or email masking using either Domain; and

  f. Destroy all copies of all printed literature or other materials which consist of, display, contain or include any Prohibited Terms or otherwise are inconsistent with the terms of this injunction.

## V. RELEASES AND ADDITIONAL TERMS

16. Conditioned upon Defendants' continued compliance with the terms of the permanent injunction entered herein, Plaintiff shall and hereby does release and discharge each of the Defendants, together with his or its parents, subsidiaries, affiliates, shareholders, officers, directors, employees, attorneys, agents, customers, successors, and assigns from all actions, causes of action, suits, claims, and demands whatsoever, in law or equity, which Plaintiff ever had, now has or hereafter can, shall or may have against each such Defendant for, upon, or by reason of any matter, cause or thing whatsoever arising from, or otherwise related to the matters alleged in the Complaint, from the beginning of the world to the Effective Date of this Consent Judgment and Permanent Injunction, with the exception of claims arising from compliance with or breach of this Consent Judgment and Permanent Injunction.

17. Defendants, and each of them, shall and do hereby release and discharge Plaintiff,

together with its parents, subsidiaries, affiliates, shareholders, officers, directors, employees, attorneys, agents, customers, successors, and assigns from all actions, causes of action, suits, claims, and demands whatsoever, in law or equity, which Defendants or any of them ever had, now has or hereafter can, shall or may have against LawCash for, upon, or by reason of any matter, cause or thing whatsoever arising from, or otherwise related to the matters alleged in the Complaint, the filing of Complaint and LawCash's prosecution of this lawsuit, from the beginning of the world to the effective date of this Consent Judgment and Permanent Injunction.

18. The Court shall and hereby does retain jurisdiction over the parties and this action for the purpose of enabling the parties to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation, execution, modification, and/or enforcement of this Consent Judgement and Permanent Injunction entered against Defendants herein, and for the punishment of any violations thereof.

19. The Effective Date of this Consent Judgment and Permanent Injunction shall be the date on which it has been entered by the Court.

20. The undersigned are authorized to execute this Consent Judgment and Permanent Injunction and have read, understood, and hereby agree to all of the terms and conditions contained herein.

**AGREED TO:**

ROBERT JOSEPH HOPKINS

Date: *Verified by PDFFiller*
*Robert J Hopkins*
08/19/2021

**AGREED TO:**

LAWCASH 911

Date: *Verified by PDFFiller*
By: *Robert J Hopkins*
Robert Joseph Hopkins
Owner

**AGREED TO:**

LAWSUIT CASH TODAY

Date: _Verified by PDFFiller_ 08/17/2021

By: _Robert J Hopkins_
Robert Joseph Hopkins
Owner

**AGREED TO:**

FUNDING AMERICA, LLC

Date: _Verified by PDFFiller_

By: _Robert J Hopkins_
Robert Joseph Hopkins
Managing Member

**AGREED TO:**

PLAINTIFF FUNDING HOLDING LLC

Date: _____

By: _____
Charles Platt
Chief Executive Officer

SO ORDERED this 20th day of August, 2021

_[signature]_
UNITED STATES DISTRICT JUDGE

_The clerk is instructed to close this case._

**AGREED TO:**

LAWSUIT CASH TODAY

Date: _____

By: _____
    Robert Joseph Hopkins
    Owner

**AGREED TO:**

FUNDING AMERICA, LLC

Date: _____

By: _____
    Robert Joseph Hopkins
    Managing Member

**AGREED TO:**

PLAINTIFF FUNDING HOLDING LLC

Date: *August 16, 2021*

By: *[signature]*
    Charles Platt
    Chief Executive Officer

SO ORDERED this 20th day of August , 2021

*[signature]*
**UNITED STATES DISTRICT JUDGE**

→ The Clerk is instructed to close this case.